Thomas TURNER; Maxine Snyder, aka Maxine Turner, Plaintiffs—Appellants,

v.

THE CIT GROUP/SALES FINANCING, INC., a Delaware Corporation; John Does I Through V, inclusive. Defendants—Appellees.

No. 03–56811.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 5, 2005.

Decided Sept. 26, 2005.

Mary A. Lehman, Law Office of Mary A. Lehman, Coronado, CA, for Plaintiffs–Appellants.

Russ Fukano, Troy & Gould, Los Angeles, CA, Philip S. Ward, Esq., Holland and Knight, Fort Lauderdale, FL, for Defendants–Appellees.

Before: O'SCANNLAIN and RAWLINSON, Circuit Judges, and WHALEY,* U.S. District Judge.

## MEMORANDUM **

The precise notice language mandated by the Federal Trade Commission "holder rule" was included in the governing retail installment contract (contract).[1] *See* 16 C.F.R. § 433.2(a). "Even if such a notice was not required to be given, the fact remains that it was ..." *Music Acceptance Corp. v. Lofing,* 32 Cal.App.4th 610, 630, 39 Cal.Rptr.2d 159 (1995). As a matter of contract, any claims or defenses that the Turners could assert against the seller Marine Collection, Inc. (Marine) are also valid claims or defenses against CIT. *See id.*

It is undisputed that Marine committed fraud and that there was a

---

* The Honorable Robert H. Whaley, United States District Judge for the Eastern District of Washington, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We reject the CIT Group/Sales Financing, Inc. (CIT's) suggestion that Appellants Thomas and Maxine Turner (the Turners) waived any claims based on the FTC holder rule, as the issue was properly raised in the district court. In any event, the district court addressed the merits of the Turners' arguments, and this Court may review an issue where it "is solely one of law, the district court fully addressed and ruled upon the issue, and where no prejudice results to the other party." *Sierra Club, Inc. v. Comm'r Internal Revenue Serv.,* 86 F.3d 1526, 1532 n. 13 (9th Cir.1996).

material failure of consideration for the contract, given that *The Brittany* was subject to a preexisting lien and was eventually sold in a judicial foreclosure sale. The Turners therefore may assert their defenses of fraud and failure of consideration against CIT's breach of contract claim. *See id.* Likewise, the Turners are entitled to cancel the contract and recover the amount of money they paid CIT for *The Brittany. See id.* at 622, 39 Cal.Rptr.2d 159; Cal. Civ.Code § 1689(b)(1)-(2); Cal. Com.Code § 2711(1). Because no material facts are genuinely in dispute, summary judgment in favor of the Turners is appropriate. *See* Fed.R.Civ.P. 56(c).

We REVERSE and instruct the district court to enter judgment in favor of the Turners on CIT's claim for breach of contract, and on the Turners' claims for rescission and restitution.